**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

                    Plaintiff,

          vs.

JOSE LUIS REYNALDO REYES-CASTILLO, *et al.*,

                    Defendants.

Case No.: 2:19-cr-00103-GMN-MDC

**ORDER DENYING ORAL MOTION TO ADMIT EXHIBITS**

Pending before the Court is the Oral Motion to Admit Exhibits made by Defendant David Arturo Perez-Manchame. (*See* Tr. 06/08/2026 AM 82:12–90:1, ECF No. 643).  The Government filed a Response, (ECF No. 645), to which Defendant Perez-Manchame replied, (ECF No. 646).

For the reasons discussed below, the Court DENIES Defendant Perez-Manchame's Oral Motion to Admit Exhibits.

**I.    BACKGROUND**

On May 13, 2026, counsel for Defendant Perez-Manchame cross-examined Miguel Torres-Escobar, one of the Government's witnesses. (*See generally* Tr. 05/23/2026 AM, ECF No. 570); (*see also* Tr. 05/13/2026 PM, ECF No. 571).  Throughout cross-examination, counsel for Perez-Manchame asked Torres-Escobar about prior statements he had made to the police following his arrest in March 2018 that were inconsistent with his in-court testimony. (*See id.*). Counsel made repeated use of audio and video recordings of Torres-Escobar's police interview and written transcripts of that interview to refresh his recollection regarding statements he had made. (*See, e.g.*, Tr. 05/13/2026 AM 73:1–10).  Each time Torres-Escobar was confronted with a recording of his prior statement, he admitted to making the prior statement. (Tr. 05/13/2026

AM 74:3–7, 77:4–16, 79:16–24, 81:8–21, 83:21–84:4, 86:15–87:19, 95:23–96:8); (Tr. 05/13/2026 PM 11:21–12:3, 19:3–10, 20:3–21:2, 33:23–34:18, 36:14–37:1, 37:13–38:20, 40:20–41:14).

While counsel for Perez-Manchame used recordings and transcripts of Torres-Escobar's interview to refresh his recollection, he did not move for the admission of the recordings or transcripts while cross-examining Torres-Escobar.  On June 8, after the close of evidence, counsel for Perez-Manchame moved for the admission of all exhibits used to refresh Torres-Escobar's recollection during cross-examination under Federal Rule of Evidence ("FRE") 613(b). (Tr. 06/08/2026 AM 82:12–90:1).  Specifically, Perez-Manchame moves to admit Exhibits 7100-10.7, 7100-10.8, 7100-10.10, 7100-10.11, 7100-10.17, 7100-10.19, 7100-10.21, 7100-10.22, 7100-10.23, 7100-10.24, 7100-10.25, 7100-10.35, 7100-10.40, and 7100-10.48. (*Id.* 82:24–83:17).

## II.    <u>LEGAL STANDARD</u>

Admissibility of extrinsic evidence of prior inconsistent statements is governed by Federal Rule of Evidence ("FRE") 613(b).  Under that Rule, extrinsic evidence of a witness's prior inconsistent statement is admissible only if (1) the witness is given an opportunity to explain the deny the statement and (2) an adverse party is given an opportunity to examine the witness about it. Fed. R. Evid. 613(b).  "The district court has broad discretion over whether to admit extrinsic evidence to rebut a witness' direct testimony." *United States v. Higa*, 55 F.3d 448, 452 (9th Cir. 1995).  Extrinsic evidence of a witness's prior inconsistent statement must be authenticated before it can be admitted into evidence. *N.L.R.B. v. Bakers of Paris, Inc.*, 929 F.2d 1427, 1436 n. 6 (9th Cir. 1991) (citing *United States v. Stanfield*, 521 F.2d 1122, 1127 (9th Cir. 1975)).

///

///

### III. **DISCUSSION**

Perez-Manchame contends that the exhibits used to refresh Torres-Escobar's recollection are admissible as extrinsic evidence of his prior inconsistent statements under FRE 613(b). In Response, the Government argues that Perez-Manchame's Motion fails for four reasons: (1) Perez-Manchame did not properly authenticate the exhibits, (2) Perez-Manchame failed to satisfy the requirements of FRE 613(b), (3) the exhibits contain inadmissible hearsay statements for which no exception applies, and (4) the exhibits are inadmissible under FRE 403. (*See generally* Resp., ECF No. 645). Perez-Manchame asserts on Reply that he did satisfy the requirements of FRE 613(b), and that the exhibits are admissible even though Torres-Escobar admitted to making the statements they documented. (*See generally* Reply, ECF No. 646). Notably, Perez-Manchame does not respond to the Government's argument that the exhibits are inadmissible because they were never properly authenticated. (*See id.*).

The Ninth Circuit's decision in *United States v. Stanfield*, 521 F.2d 1122 (9th Cir. 1975), is instructive here. There, the government impeached several witnesses using prior inconsistent statements that were documented in transcripts of those witnesses' prior statements. *Id.* at 1127. However, neither party moved for the admission of those transcripts. *Id.* After the close of evidence, the district court admitted the transcripts at the request of the jury. *Id.* While the Ninth Circuit concluded that each witness had been given an opportunity to explain or deny the statement and that the government "comported with the accepted practice for impeachment by use of prior inconsistent statements," it nonetheless held that admission of the transcripts was error because the transcripts were never "signed or otherwise authenticated by the witnesses." *Id.*; *see Bakers of Paris, Inc.*, 929 F.2d at 1436 n. 6 ("Nevertheless, under the federal rules, authentication of [extrinsic evidence] is necessary if it is to be admitted into evidence.").

Here, the Government contends that, like in *Stanfield*, the transcripts of Torres-Escobar's interview with police are inadmissible because no witness was ever asked to

authenticate them. (Resp. 5:15–6:5).  The Government avers that Perez-Manchame could have authenticated those transcripts during his cross-examination of Torres-Escobar, or during his cross-examination of Detective Eric Ravelo, who conducted the interview of Torres-Escobar. (*Id.* 3:15–4:2).  Additionally, the Government argues that no witness was ever asked to authenticate the English translation of the Spanish transcription, further undermining the admissibility of the exhibits.  Perez-Manchame does not directly respond to this argument, instead asserting that both requirements of FRE 613(b)—that the witness be given an opportunity to explain or deny the statement and that an opposing party have an opportunity to examine the witness about the statement—were satisfied. (Reply 2:22–27).

However, those two requirements were also met in *Stanfield*.  There, the witnesses were asked to confirm or deny the prior statements and were given an opportunity to explain them. *Stanfield*, 521 F.2d at 1127.  Further, the government asked each witness "if he had given a recorded interview to the named investigator at a specific time and place," and each answered that they had. *Id.*  Yet, the Ninth Circuit nevertheless concluded that the transcripts were inadmissible because they had not been properly authenticated. *Id.*  Here, counsel for Perez-Manchame did not attempt to authenticate any of the interview transcripts during his cross-examination of Torres-Escobar, nor did he attempt to authenticate the English translation of the Spanish transcription. (*See* Tr. 05/13/2026 AM 72:3–74:7 (Exhibit 7100-10.7), 76:8–78:8 (Exhibit 7100-10.21), 78:9–80:20 (Exhibit 7100-10.22), 80:21–81:16 (Exhibit 7100-10.23), 82:21–84:4 (Exhibit 7100-10.24), 84:13–87:19 (Exhibit 7100-10.25), 94:19–96:1 (Exhibit 7100-10.35)); (*see* Tr. 05/13/2026 PM 10:22–12:3 (Exhibit 7100-10.40), 18:17–19:10 (Exhibit 7100-10.17), 19:11–21:2 (Exhibit 7100-10.19), 33:6–34:18 (Exhibit 7100-10.8), 36:3–37:1 (Exhibit 7100-10.10), 37:2–38:20 (Exhibit 7100-10.11), 40:11–41:14 (Exhibit 7100-10.48)).  Similarly, Detective Ravelo was never asked to confirm the accuracy of the transcript or the translation contained therein. (*See* Tr. 05/18/2026 AM 86–110, ECF No. 586).

Because Perez-Manchame never attempted to authenticate the exhibits he seeks to admit before the close of evidence, despite multiple opportunities to do so, those exhibits are inadmissible.[1]  Accordingly, the Court DENIES Perez-Manchame's Oral Motion to Admit Exhibits.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Perez-Manchame's Oral Motion to Admit Exhibits is **DENIED**.

**DATED** this   16   day of June, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] Because the Court denies Perez-Manchame's Oral Motion to Admit Exhibits, it need not address the remaining bases for denial raised by the Government.